## DWIGHT MITCHELL v. STATE.

No. A-8983.   Aug. 21, 1936.
(60 Pac. [2d] 627.)

Dudley, Hyde, Duvall & Dudley and David Tant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

EDWARDS, P. J.    Plaintiff in error, hereinafter called defendant, was convicted in the court of common pleas of Oklahoma county of having illegal possession of intoxicating liquor, and was sentenced to serve 90 days in the county jail and to pay a fine of $500.

Defendant was jointly charged with W. T. Pierson, Mrs. W. T. Pierson, and Richard French. The court sustained a demurrer to the evidence against Mrs. Pierson, thereby disposing of the case as to her; it directed a verdict in favor of defendant W. D. Pierson and submitted the case to the jury as to defendant French and this defendant Mitchell.    A verdict of not guilty was returned as to French.    We are satisfied the state had no case against Mrs. W. T. Pierson, and as to whether or not the court properly directed a verdict of not guilty as to W. T. Pierson is not material.    The evidence is that at the time charged Pierson and his wife lived on East Twenty-Third street near Nicoma Park; officers searched this place and found 60-odd cases of whisky stored in the garage, the possession of which is the basis of the charge in this case.    Defendant Pierson and his wife each testified for the state.    Pierson testified in substance that defendant arranged with him to store this whisky at his place and paid him for this privilege 50 cents per case.    This testimony constitutes Pierson an accomplice.    In addition, there is the testimony of three officers, George Kerr, W. E. Agee, and Tom Miller, who were concerned with the discovery and seizure of the whisky involved.    Their testimony corroborates the accomplice, at least circumstantially, and by the testimony of Mrs. W. T. Pierson, who was not an accomplice.    Kerr testified in substance that on one or two occasions just prior to the date in question he saw defendant Mitchell at the place where the whisky was stored.    Miller testified in substance that a

few days before the discovery of the whisky in question he saw defendant Mitchell on two occasions at the premises of Pierson. The witness Agee testified substantially to the same effect. The testimony of Mrs. W. T. Pierson in part was hearsay and was excluded or stricken out, but she did testify that Mitchell was at the premises as testified to by the officers and that he came there to get whisky. From all the testimony we gather that defendant was a bootlegger of some importance in the circle in which he moved. The testimony is that the whisky seized was high-grade, high-priced English whisky— whether Johnnie Walker or Haig & Haig we are not informed. Some of this whisky was introduced in evidence, but the clerk of this court advises us it did not reach his office, so we assume there was a diminution of the record, as sometimes occurs in this kind of a case. We doubt if a writ of certiorari in the hands of General Barrett with the aid of the militia could now produce this evidence. Defendant evidently does not mess with the pint trade of the proletariat, but deals rather in case lots with the connoisseur.

The principal contention is that there is no sufficient corroboration of his testimony. With this contention we are not able to agree. It is held by many decisions of this court that the testimony of an accomplice need not be corroborated by direct testimony, but the corroboration may be circumstantial. Moody v. State, 13 Okla. Cr. 327, 164 Pac. 676; Winfield v. State, 18 Okla. Cr. 257, 191 Pac. 609.

All this testimony, considered together, furnishes strong circumstantial corroboration of the testimony of the accomplice and is sufficient to satisfy the law. Particularly is this so in view of the fact that defendant did

not take the stand. Some other questions are presented in the brief, but we find no material error.

The case is affirmed.

DOYLE, J., concurs. DAVENPORT, J., dissents.